UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Respondent,<br><br>    v.<br><br>CORWIN LAVELLE BROWN,<br><br>    Movant. | No.  2:08-cr-0250 JAM CKD<br><br>FINDINGS AND RECOMMENDATIONS |

Movant is a federal prisoner proceeding through counsel with a motion challenging his sentence under 28 U.S.C. § 2255.  ECF No. 63.  The government filed an opposition to the motion on September 22, 2016.  Movant filed a reply on October 7, 2016.

On July 7, 2009, movant pled guilty to being a felon in possession of firearm ammunition in violation of 18 U.S.C. § 922(g)(1).  At sentencing, which occurred on September 22, 2009, the district court determined that movant had sustained prior convictions for robbery under California Penal Code § 211 and conspiracy to possess cocaine with the intent to distribute under 21 U.S.C. § 846.  The court found that the conviction for California robbery amounted to a "crime of violence" under § 2K2.1(a)(2) of the United States Sentencing Guidelines (Guidelines) and the cocaine conviction amounted to a "controlled substance" offense under that same section.  That being the case, movant's Base Offense Level (BOL) was 24.  The court then reduced movant's BOL by 3 levels under USSG § 3E1.1 for acceptance of responsibility, resulting in a Total

1

1  Offense Level (TOL) of 21.  With a Criminal History Category of III, the sentencing range under
2  the Guidelines was 46 to 57 months imprisonment.  Ultimately, the court sentenced movant to 52
3  months.

4  Movant claims that after the Supreme Court's decision in Johnson v. United States, 135 S.
5  Ct. 2551 (2015), his California robbery conviction no longer qualifies as a "crime of violence"
6  under USSG § 2K2.1(a)(2).  If the court agrees, movant's sentence would be vacated, and, at re-
7  sentencing, the applicable BOL would decrease by 2 levels to 22 as dictated by USSG §
8  2K2.1(a)(3)(B).  If the other factors that went into the calculation of movant's TOL at the original
9  sentencing hearing remain the same at re-sentencing, the sentencing range recommended under
10 the Guidelines would decrease to 30-37 months.

11 Various federal statutes provide for increased punishment for a principal offense if the
12 offender committed certain prior crimes.  One such statute is 18 U.S.C. § 924(e)(1), enacted
13 under the Armed Career Criminal Act (ACCA), which provides increased punishment if the
14 offender has three or more earlier convictions for any combination of "serious drug offense[s]" or
15 "violent felon[ies]."  Prior to Johnson, 18 U.S.C § 924(e)(2)(B) defined the term "violent felony"
16 for purposes of 18 U.S.C. § 924(e)(1) as follows:

17 > any crime punishable by imprisonment for a term exceeding one year . . . that—
18
19 > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
20
21 > (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

22 The italicized portion of subsection (2) has come to be known as the "residual clause."  Johnson
23 II, 135 S. Ct. at 2556.  In Johnson the Supreme Court found that the "residual clause" violates the
24 Due Process Clause of the Fifth Amendment because it is vague.  Id. at 2556-57.

25 As indicated above, movant's BOL was found to be 24 based in part on the fact that the
26 court found that movant's prior conviction for California robbery amounted to a "crime of
27 violence" under USSG § 2K2.1(a)(2).  At the time movant was sentenced, USSG § 4B1.2(a)
28 /////

defined "crime of violence" for purposes of § 2K2.1(a)(2) essentially the same way as "violent felony" was defined under 18 U.S.C § 924(e)(2)(B) before Johnson:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

Movant argues that Johnson served not only to invalidate the "residual clause" from 18 U.S.C § 924(e)(2)(B), but also the "residual clause" as it appeared in USSG § 4B1.2(a). This being the case, movant argues, his conviction for California robbery no longer qualifies as a "crime of violence" under the version of USSG § 4B1.2(a) identified above.

On March 6, 2017, the Supreme Court found that the Guidelines are "not subject to vagueness challenges under the Due Process Clause." Beckles v. United States, No. 15-8544, 2017 WL 855781, *3. Consequently, invalidation of the "residual clause" as it appeared in 18 U.S.C § 924(e)(2)(B) by the Supreme Court in Johnson has no effect on any Guidelines language. Nothing else in Johnson provides the basis for any successful Guidelines-based challenge.

For these reasons, movant is not entitled to re-sentencing and the court need not address the other arguments presented by the government in opposition to the pending § 2255 motion.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Movant's June 22, 2016 motion for habeas corpus relief under 28 U.S.C. § 2255 (ECF No. 63) be denied; and

2. The Clerk of the Court be directed to close the companion civil case No. 2:16-cv-1413 JAM CKD.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." In his objections, movant may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 8, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
brow0250.257(5)