# UNITED STATES DISTRICT COURT
## Eastern District of California

## Petition For Warrant or Summons For
## Offender Under Supervision

| | | | |
|---|---|---|---|
| **Name of Offender:** | Corwin Lavelle Brown | **Docket Number:** | 2:08CR00250-01 |
| **Name of Judicial Officer:** | United States District Judge John A. Mendez | | |
| **Date of Original Sentence:** | 9/22/2009 | | |

**Original Offense:** 18 U.S.C. § 922(g)(1) – Felon in Possession of Ammunition (CLASS C FELONY)

**Original Sentence:** 52 months custody Bureau of Prisons; 36-month term of Supervised Release; Mandatory testing; No firearms; DNA collection; $100 special assessment, $1,000 fine.

**Special Conditions:**

1. Warrantless Search
2. Financial Disclosure
3. Drug/Alcohol Treatment
4. Drug/Alcohol Testing
5. No Alcohol
6. Mental Health Treatment
7. Aftercare Co-payment

| | |
|---|---|
| **Type of Supervision:** | Supervised Release |
| **Date Supervision Commenced:** | 10/9/2017 |

**Other Court Actions:**

**06/13/2018**:     Prob12B - Petition to Modify Conditions submitted to the Court adding Special Condition 8) The defendant shall make payments to satisfy the fine in the following manner: a) monthly payments of $25 or 5% of the defendant's gross income, whichever is greater; b) The first payment shall commence 60 days following the defendant's release from custody, unless employed. If unemployed,

PROB 12C
(07/13)

RE: **Corwin Lavelle Brown**                    **Docket Number: 2:08CR00250-01**

the first payment shall commence 60 days following the defendant's date of employment.

**08/26/2019:**   Prob12B - Petition to Modify Conditions submitted to the Court adding Special Condition 9) The defendant shall be monitored for 3 months, with location monitoring technology, which may include the use of radio frequency (RF) or Global Positioning System (GPS) devices, at the discretion of the probation officer. The defendant shall abide by all technology requirements and shall pay the costs of location monitoring based upon their ability to pay as directed by the probation officer.

**10/16/2019:**   Prob 12B – Petition to Modify Conditions submitted to the Court adding Special Condition 10) The defendant shall be subject to random alcohol testing/screening, which include the use of the BI Sobrietor and the Soberlink for up to 90 days. He shall abide by all program requirements, as directed by the probation officer.

**09/22/2020:**   Prob 12A – Report on Offender submitted to the Court advising the offender will terminate supervision while still having a Fine balance.

---

## PETITIONING THE COURT

☒  **TO ISSUE A WARRANT**

The probation officer alleges the offender has violated the following conditions(s) of supervision:

**<u>Charge Number</u>**        **<u>Nature of Violation</u>**

**<u>Charge 1:</u>**                **<u>NEW LAW VIOLATION</u>**

On September 5, 2020, Brown was arrested by officers from the California Highway Patrol (CHP) for a violation of California Vehicle Code 23152(B): Driving with a Blood Alcohol of .08 percent or more (misdemeanor), in violation of the mandatory release condition, which states, *"The defendant shall not commit another federal, state, or local crime."*

**<u>Charge 2:</u>**                **<u>NEW LAW VIOLATION</u>**

On September 5, 2020, Brown was arrested by CHP officers for a violation of California Vehicle Code 14601.2(A): Driving on a Suspended License (misdemeanor), in violation of the mandatory

RE: **Corwin Lavelle Brown**                    Docket Number: 2:08CR00250-01

release condition, which states, *"The defendant shall not commit another federal, state, or local crime."*

**Justification:**  Mr. Brown's overall adjustment to supervised release is considered to be marginal at best. In July 2019, Brown was arrested by CHP officers and later convicted of a violation of California Vehicle Code 23152(A): Driving with a Blood Alcohol of .08 percent or more (misdemeanor). The probation office submitted a request for modification of conditions of supervision – to include electronic monitoring in the form of a Soberlink device for up to 90 days. Brown successfully completed the 90 days.

Notwithstanding, on September 29, 2020, the probation officer received an arrest report from CHP involving the offender. According to the report, on September 5, 2020, Brown was traveling westbound on Interstate 80, east of the Interstate 5 transition ramp. Due to his intoxicated state, Brown made an unsafe turning movement and attempted to drive through the asphalt gore point to transition onto I-5. He was unable to negotiate around the impact attenuator (which is affixed within the asphalt gore point) and then collided with the attenuator. Following the impact, Brown's vehicle came to rest on the right shoulder of the roadway. Passing motorists subsequently stopped to assist Brown and provided witness statements.

CHP arrived at the scene and contacted Brown, who was the sole occupant of the vehicle. An officer was able to detect a strong odor of alcohol emitting from Brown's breath. Additionally, Brown's eyes were red and watery and his speech was slow and slurred. Based on the objective signs of intoxication, multiple witness accounts of Brown's involvement in the accident, and poor performance on the Field Sobriety Test, Brown was arrested and charged with violating California Vehicle Code 23152(A): Driving Under the Influence of Alcohol; California Vehicle Code 14601.2(A): Driving on a Suspended License; California Vehicle Code 16028(A): Failure to Provide Proof of Insurance; and California Penal Code 1203.2(A): Probation Violation, steaming from his pervious DUI.

Brown spent roughly three weeks in custody. After releasing he did not contact the probation officer within 72-hours. Rather the probation officer reached out to him. When interviewed by the probation officer, Brown confirmed the DUI and said, "I really messed up." Thereupon, Brown was reminded of the 2009 DUI incident/accident, while he was on pretrial, which resulted in multiple serious injuries to others. At the conclusion of our conversation Brown asked, "Don't I discharge in a few days?" Brown's term of supervised release is scheduled to expire on October 8, 2020.

**Detention:**  Having stated the above, and when taking all factors into consideration, it is the undersigned=s opinion that Brown's behavior can only be described as irresponsible and selfish. He has placed an undo safety risk to others in the community. He has repeatedly exhibited the

RE: **Corwin Lavelle Brown**                    **Docket Number: 2:08CR00250-01**

same poor judgement with regard to his decision to drink and drive. Moreover, it appears that neither his time in custody, nor his status on supervised release, has been enough to deter him from operating a motor vehicle while intoxicated.

In light of the above information, the undersigned officer respectfully recommends a warrant be issued requiring the releasee to appear and show why his supervision should not be revoked. It is the opinion of the undersigned officer that Brown represents a tangible risk to the community. Thus, it is respectfully recommended that Brown be detained pending final disposition of this matter.

**I declare under penalty of perjury that the following is true and correct.**

**EXECUTED ON:   October 1, 2020**
                          **Roseville, California**

Respectfully submitted,

**VLADIMIR PAJCIN**
**United States Probation Officer**
Telephone: (916) 786-2357

**DATED:**   10/1/2020

Reviewed by,

**MICHAEL K. MCFARLAND**
**Supervising   United   States   Probation Officer**

PROB 12C
(07/13)

RE: **Corwin Lavelle Brown**                    **Docket Number: 2:08CR00250-01**

**THE COURT FINDS PROBABLE CAUSE AND ORDERS:**

☒ The issuance of a warrant.

☐ The issuance of a summons.

☐ Other:

**FURTHER PROCEEDINGS REGARDING CUSTODY:**

☐ Defendant is ordered detained, to be brought before District Judge forthwith.

☒ Initial appearance and detention hearing before Magistrate Judge.

DATED: October 2, 2020            /s/ John A. Mendez
_____
HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE

CC:
United States Probation
Assistant United States Attorney: Ross Kerr Naughton
United States Marshal Service

PROB 12C
(07/13)

RE: **Corwin Lavelle Brown**                    Docket Number: 2:08CR00250-01

# STATEMENT OF EVIDENCE OF ALLEGED
# SUPERVISED RELEASE VIOLATIONS

Honorable John A. Mendez
United States District Judge
Sacramento, California

RE:    **Brown, Corwin Lavelle**
       **Docket Number: 2:08CR00250-01**

Your Honor:

In addition to a copy of the **Acknowledgment of Conditions of Probation or Supervised Release and Receipt of Criminal Judgment and Judgment and Commitment Order,** the following evidence and/or testimony will be offered to support the probation officer's allegation that the above-named releasee is in violation of the conditions of supervision as stated on the attached Probation Form 12C - Petition for Warrant or Summons for Offender Under Supervision.

**Charge 1:**    **NEW LAW VIOLATION**
    **a. Evidence:**

        i. California Highway Patrol Report No. 9250-2020-03460

    **b. Witnesses:**

        i. CHP Officer Chand will testify to the facts and circumstances regarding the incident involving Brown.

**Charge 2:**    **NEW LAW VIOLATION**
    **a. Evidence:**

        i. California Highway Patrol Report No. 9250-2020-03460

    **b. Witnesses:**

        i. CHP Officer Chand will testify to the facts and circumstances regarding the incident involving Brown.

PROB 12C
(07/13)

RE: **Corwin Lavelle Brown**                    **Docket Number: 2:08CR00250-01**

Respectfully submitted,

**VLADIMIR PAJCIN**
**United States Probation Officer**
Telephone: (916) 786-2357

**DATED:**     10/1/2020
                 Roseville, California

Reviewed by,

**MICHAEL K. MCFARLAND**
**Supervising United States Probation Officer**

PROB 12C
(07/13)

RE: **Corwin Lavelle Brown**                    **Docket Number: 2:08CR00250-01**

# REVOCATION GUIDE – SUPERVISED RELEASE

| | | | |
|---|---|---|---|
| **Name of Offender:** | Corwin Lavelle Brown | **Docket Number:** | 2:08CR00250-01 |
| **Date of Original Offense:** | 02/09/2008 | | |

**Original term of supervised release imposed:** 3 years

**Highest grade of violation alleged:** C

**Criminal History Category of offender:** III

**Original guideline range:** 46 to 57 months

**Chapter 7 range of imprisonment**: 5 to 11 months

**Maximum term on revocation - 18 USC 3583(e)(3):**  (*choose one below*)

☐       **Class A felony - 5 years**
☐       **Class B felony - 3 years**
☒       **Class C and/or D felony - 2 years**
☐       **Class E felony and misdemeanors - 1 year**

**Violation requires mandatory revocation:  YES:** ☐    **NO:** ☒

**Original offense committed on or after 04/30/2003**:  Court may sentence up to the statutory maximum term of supervised release applicable to the original offense of conviction, but not exceed the maximum for the classes of offenses noted above.  There is no adjustment for prison time imposed for any previous revocation of the term of supervised release. The Court must consider but is not bound by Chapter 7 ranges.  Upon revocation, the Court may re-impose supervised release; however, the term is limited to the statutory maximum authorized under Title 18 USC 3583(e)(3) for the original offense of conviction, less the current term of imprisonment imposed upon revocation, and all prior terms of imprisonment imposed upon previous revocations.

## MANDATORY REVOCATION ISSUES

**Original offense committed after 09/13/94:**  Title 18 USC 3583 instructs that supervision shall be revoked upon a finding of:  1) Possession of a controlled substance; 2) Possession of a firearm; or, 3) Refusal to comply with mandatory drug testing.  If the violation involves the use of a controlled substance, the Court has the discretion to find that "use" constitutes "possession."

RE: **Corwin Lavelle Brown**                    **Docket Number: 2:08CR00250-01**

**<u>Positive/Failed Drug Tests after 11/02/2002:</u>**  Title 18 USC 3583(g) amended and instructs that supervision be revoked for:  Testing positive for illegal controlled substances more than three times over the course of one year.